LUHRING et al. v. UNIVERSAL PIC-
TURES CO., Inc.

No. 10014.

Circuit Court of Appeals, Ninth Circuit.

Jan. 17, 1945.

Rehearing Denied March 12, 1945.

Ellis I. Hirschfeld and Samuel W. Blum, both of Los Angeles, Cal., for appellants.

Loeb & Loeb, of Los Angeles, Cal. (Milton H. Schwartz and Herman F. Selvin, both of Los Angeles, of counsel), for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In a German court called the Landgericht, Mayfilm Aktiengesellschaft, a German corporation, hereafter called Mayfilm, brought an action against Universal Pictures Corporation, a New York corporation, seeking thereby to recover of the New York corporation 50,000 reichsmarks, claimed to be due and owing to Mayfilm,

with interest from July 1, 1926. On March 4, 1930, the Landgericht rendered judgment to the effect that Mayfilm take nothing by its action. From that judgment Mayfilm appealed to a German court called the Kammergericht. In that court, on July 27, 1932, Mayfilm obtained judgment against the New York corporation for the amount claimed—50,000 reichsmarks, with interest from July 1, 1926. That judgment, hereafter called the Mayfilm judgment, was affirmed by a German court called the Reichsgericht on February 3, 1933.

Thereafter, prior to January 19, 1937, appellee, Universal Pictures Company, Inc., a Delaware corporation, acquired all property and assets of the New York corporation and assumed all just and valid obligations of the New York corporation, and the New York corporation was dissolved.

On January 19, 1937, appellants, John Luhring and Margaret Morris, citizens of California, claiming to be the owners of the Mayfilm judgment, brought an action thereon against appellee [1] in the Superior Court of Los Angeles County, California, seeking thereby to recover of appellee $35,256.99,[2] with interest from January 1, 1937. On appellee's petition, the action was removed from the Superior Court to the District Court of the United States for the Southern District of California. Appellee answered, jury trial was waived, the case was tried by the court, findings of fact and conclusions of law were stated, and judgment was entered in appellee's favor. From that judgment this appeal is prosecuted.

The question is whether appellants were the owners of the Mayfilm judgment.

The complaint alleged and the answer [3] denied that the Mayfilm judgment was assigned to appellants by Union Bank & Trust Company of Los Angeles, a California corporation, hereafter called Union Bank. No other title to the Mayfilm judgment was asserted by appellants. The evidence showed that on January 16, 1937, Union Bank executed what purported to be an assignment of the Mayfilm judgment to appellants,[4] but there was no evi-

---

[1] The New York corporation, also named as a defendant, was dissolved before this action was brought. Appellee, therefore, is here treated as the sole defendant.

[2] Claimed to be the value, on January 1, 1937, of the principal sum (50,000 reichsmarks), plus accrued interest (38,142.48

reichsmarks), awarded to Mayfilm by the Mayfilm judgment.

[3] The complaint and answer referred to in this opinion are appellants' amended complaint and appellee's amended answer thereto.

[4] This purported assignment was received in evidence as appellants' Exhibit 8.

dence that Union Bank ever owned the Mayfilm judgment.

The complaint alleged and the answer denied that the Mayfilm judgment was assigned to Union Bank by Fritz Mandl. There was no evidence of any such assignment. The evidence showed that on April 22, 1936, Mandl executed what purported to be an assignment to Union Bank,[5] but that was not, and did not purport to be, an assignment of the Mayfilm judgment. It purported to be an assignment of a claim.[6] There was no evidence that Mandl ever owned the Mayfilm judgment.

The complaint alleged and the answer denied that the Mayfilm judgment was assigned to Mandl by Bank fur Auswartigen Handel Aktiengesellschaft, a German corporation, hereafter called the German bank. There was no evidence of any such assignment. Mandl testified that a claim of the German bank against the New York corporation was assigned to him by the German bank,[7] but he did not testify that the Mayfilm judgment was assigned to him by the German bank or anyone else. There was no evidence that the German bank ever owned the Mayfilm judgment.

The complaint alleged and the answer denied that the Mayfilm judgment was assigned to the German bank by Joe May. There was no evidence of any such assignment. The evidence showed that on February 12, 1936, the German bank wrote a letter to the New York corporation,[8] stating that May had given the German bank an assignment of the Mayfilm judgment, but there was no evidence that the statement was true. A purported copy of the purported assignment was set out in the letter, but the original—if an original existed—was not put in evidence. There was no evidence that it ever existed, nor was there any evidence that May ever owned the Mayfilm judgment.

The complaint alleged and the answer

denied that on February 25, 1935, in an action by the German bank against Mayfilm, the Landgericht rendered a judgment "providing" that the alleged assignment of the Mayfilm judgment by May to the German bank was legally valid. There was no evidence that the Landgericht rendered any such judgment. The evidence showed that on May 30, 1934, the German bank brought an action against Mayfilm in the Landgericht, alleging that the claim asserted by Mayfilm in its action against the New York corporation—the claim on which the Mayfilm judgment was based— was the property of May and not of Mayfilm, and that May had assigned the claim to the German bank.[9] On February 25, 1935, in the German bank's action against Mayfilm, the Landgericht rendered a declaratory judgment to the effect that the claim was the property of May and not of Mayfilm, and that the alleged assignment of the claim by May to the German bank was legally valid. The declaratory judgment did not declare that the Mayfilm judgment was the property of May, or that May had assigned the Mayfilm judgment to the German bank—validly or otherwise. No assignment of the Mayfilm judgment was mentioned or referred to in the declaratory judgment.

There was no evidence that the Mayfilm judgment was ever assigned or transferred by Mayfilm, or that title to the Mayfilm judgment ever passed from Mayfilm. The District Court accordingly found that the Mayfilm judgment was at all times the property of Mayfilm, and that neither May nor the German bank nor Mandl nor Union Bank nor appellants ever acquired or owned the Mayfilm judgment. These findings are amply supported by evidence.

The District Court concluded, and we agree, that appellants were not entitled to recover in this action.

Affirmed.

---

[5] A translation of this purported assignment was received in evidence as appellants' Exhibit 6.

[6] It mentioned two claims—a claim of Mayfilm against the New York corporation and a claim of Bank fur Auswartigen Handel Aktiengesellschaft against Mayfilm—and stated: "With these premises, I, the undersigned Fritz Mandl, hereby assign this claim to [Union Bank]." Which of the two claims was "this claim" we do not know.

[7] This assignment was not put in evidence. Mandl testified that it was a written assignment executed "between 1932 and 1934," but that he did not know where it was.

[8] A translation of this letter was received in evidence as appellants' Exhibit 5.

[9] A translation of the pleadings and judgment in the German bank's action against Mayfilm was received in evidence as appellants' Exhibit 4. Neither the New York corporation nor appellee was a party to that action.